## LEYER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

### No. 53.

1. CRIMINAL LAW (§ 901*)—WAIVER OF ERROR—RULING ON MOTION FOR DIRECTED VERDICT.

An exception to a refusal to direct a verdict at the close of plaintiff's case is waived, if defendant thereafter proceeds to put in proof; and the strength of plaintiff's case must then be tested upon a new motion to direct a verdict after both sides have rested on an examination of the entire record made; and such rule applies in criminal as well as in civil cases.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124; Dec. Dig. § 901.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PERJURY (§ 36*)—EVIDENCE—QUESTION FOR JURY.
  Evidence considered in a prosecution for perjury, and *held* sufficient to warrant the submission of the case to the jury.
  [Ed. Note.—For other cases, see Perjury, Cent. Dig. § 133; Dec. Dig. § 36.*]

3. PERJURY (§ 37*)—INSTRUCTIONS—SUFFICIENCY.
  Instructions in a prosecution for perjury considered, and *held* without error.
  [Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 134-138; Dec. Dig. § 37.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Otto Leyer was convicted of perjury, and brings error. Affirmed.

J. E. Finegan, for plaintiff in error.

William J. Youngs, U. S. Atty. (L. R. Bick, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The defendant was charged by indictment with having committed perjury in statements made by him under oath as to his property, upon executing a bail bond for one Vecchio, who was under indictment. The particular statement was his declaration that on June 23, 1909, the day he executed the bail bond, he was the "owner in fee simple of the premises situate and known as No. 122 Grattan street, in the borough of Brooklyn, county of Kings; it being a plot of ground 100 by 25 feet, on which is erected a four-story double brick dwelling." The making of the sworn statement was proved by the introduction of the original, and is not disputed.

The prosecution, having proved the statement, put in evidence from the register's office of Kings county the record of a deed made by Otto Leyer and Mary Leyer to Ferdinand and Edwidna Leyer, dated May 13, 1909, and recorded July 20, 1909, and, after some further testimony as to a search of the records in said office, rested its case. The deed purported to convey by metes and bounds two adjoining lots, each 25 by 100 feet, on the southerly side of Grattan street 25 feet east of Porter avenue. It did not give the street numbers of these two lots. Thereupon defendant's counsel moved the court to acquit the defendant, on the ground that the government had failed to establish that the defendant committed a crime. The motion was denied, and exception reserved.

The government's chain of proof at that stage of the case was defective in one important particular: It had proved that defendant had executed a deed of property on Grattan street on May 13, 1909, but had failed to prove that such deed had been delivered and the title to the property passed prior to the time (June 23, 1909) when defendant swore that he owned it. Since it had not been recorded until nearly a month later, it might fairly be inferred that it had not been delivered until after he made the affidavit on which indictment was founded. Defendant, however, did not stand upon his exception,

as it would seem he might safely have done, but proceeded to put in evidence in defense, calling several witnesses and himself taking the stand.

It is well-settled practice that an exception to a refusal to direct a verdict at the close of plaintiff's case is waived, if defendant thereafter proceeds to put in proof. The strength of the case for plaintiff must then be tested upon an examination of the entire record, made upon a new motion to direct a verdict when both sides have rested. Wilson v. Haley Live Stock Co., 153 U. S. 39, 14 Sup. Ct. 768, 38 L. Ed. 627.

We see no reason to repudiate this rule in criminal causes. If the whole record indicates that a verdict of guilty was justified, it is immaterial that evidence essential to conviction was voluntarily introduced by defendant himself. There is no force in the contention that the denial of the motion to direct acquittal at the close of the case for the prosecution "would in effect shift the burden of proof, and the defendant would be compelled to go forward and prove his innocence before the prosecution had succeeded in proving his guilt." Defendant was not compelled to go forward. If the prosecution failed to make out its case, he could quite safely rest upon his exception, knowing that, even if the jury should find a verdict against him on such incomplete proof, it would be promptly set aside.

At the close of the entire case motion to acquit was again made, and on its denial exception was reserved, and is here relied upon. Defendant's own testimony removed any question as to indentity of one of the parcels in the deed of May 13, 1909, with the 122 Grattan street, which he swore that he owned when he executed the bail bond. He himself and the notary who took the acknowledgments to the deed also established the fact that it was delivered on that day. Defendant says it was executed to secure his father, Ferdinand Leyer, to whom he owed $2,300, and was left with the notary to hold in escrow. The latter filed it for record after Vecchio failed to appear and before the day when the bond was actually forfeited, so that the government could not take steps to recover on it. The proofs showed quite convincingly that on May 13, 1909, before he made affidavit to the bail bond, defendant had conveyed away his title to 122 Grattan street.

There was also testimony tending to show that on the same day his father, Ferdinand (Ferdinand's wife joining), executed a deed of the same property to Otto Leyer, which deed was left with the same notary, but has never been recorded. This deed is not found in the record. It would seem from the charge that it contained some words written over erasures, and that there were other respects in which it might suggest suspicion as to the date of its execution. But all that was for the jury, which might have discredited the stories of defendant, of his father, and of the notary. There was sufficient in this case, after defendant had admitted the delivery of the first deed, to require the court to send the case to the jury.

It is next contended that the court erred, in that it did not require the prosecution to prove by at least two witnesses, or by one witness

and corroborating circumstances, that defendant was not in fact the owner of 122 Grattan street on June 23, 1909. We find no exception in the record which presents any such point; but the deed of May 23, 1909, coupled with the evidence of defendant himself that he delivered it on that day, the notary corroborating such statement, was sufficient proof to meet all requirements.

There are a dozen or more assignments of error to passages in the charge, of which two only have been argued. We find no exceptions covering these. Nevertheless we have looked at them, and find them without merit. The court informed the jury that "the sole charge is whether defendant was in truth and fact the owner in fee simple of the property." Defendant's counsel contends that this took away from the jury the consideration of the question whether or not defendant at the time honestly believed that he was the owner. Examination of the context shows that the court's language went to no such length. He was merely calling the jury's attention to the circumstances that the government might have charged perjury on the theory that there were other incumbrances besides the $9,500 mortgage which he stated was unpaid, but had chosen to confine itself solely to the question of ownership. Elsewhere he charged, at defendant's request, that 'in order to convict the jury must find that defendant, at the time he swore to the bail bond, must have known that his statement as to ownership was untrue and false.

The court is also criticised for telling the jury that they had direct testimony, not only that the affidavit was made, but also "as to the other transactions upon which the questions in the case depend." We find no error in this, in view of defendant's own evidence that he executed and delivered the deed of May 13, 1909, on that day. The court charged the jury correctly as to the effect of a delivery in escrow; indeed, he so charged them in the very words of defendant's request.

We find no error in allowing the prosecution to call a witness in rebuttal solely to deny a statement which one of the defendant's witnesses said she made to him.

Judgment affirmed.