## OHIO FARMERS INDEMNITY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7995.

Circuit Court of Appeals, Sixth Circuit.
Jan. 15, 1940.

Charles E. Curtis, of LeRoy, Ohio, for petitioner.

Edward H. Horton, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Edward H. Horton, Sp. Assts. to Atty. Gen. on the brief), for respondent.

Before HICKS, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

This appeal involves a deficiency in income taxes of $7,531.55 for the calendar year 1932 found by the Board of Tax Appeals to be due from the petitioner, Ohio Farmers Indemnity Company. The statute involved is the Revenue Act of 1932, Sec-

tions 13(a), 141(e), 201(a), 204(a), 208(a), (c) (3), Ch. 209, 47 Stat. 169, 26 U.S.C.A. §§ 13(a), 141 note, 201(a), 204(a), 207(a), (c) (3).

The petitioner was organized in 1929 under the general corporation laws of the State of Ohio and authorized to conduct a general liability insurance business, the major portion of which was automobile insurance. It was authorized to issue 2,000 shares of common capital stock, all of which were subscribed at the time of organization by the Ohio Farmers Mutual Fire Insurance Company. One Thousand Nine Hundred Ninety-one shares were issued to it and at its direction the remaining nine were issued, one each to the nine directors of the Ohio Farmers Mutual Fire Insurance Company, who were also elected as directors of petitioner and reelected from time to time since its organization. The Ohio Farmers Mutual Fire Insurance Company is also an Ohio corporation, organized in 1848, its charter having been granted by a special act of the Legislature and it was, and is, authorized to conduct the business of fire insurance and its allied lines, excluding liability insurance. It has no capital stock and no shareholders and its directors are elected at an annual meeting, each policyholder being entitled to vote. Petitioner and the Ohio Farmers Mutual Fire Insurance Company conduct their businesses jointly, having the same officers, directors, employees, and agents and petitioner's business is generally conducted as though it were a department of the Ohio Farmers Mutual Fire Insurance Company. The companies issue joint policies on motor vehicles, the petitioner underwriting liability insurance and the Ohio Farmers Mutual Fire Insurance Company insuring against loss or damage to the vehicle. The agents of each account to the Ohio Farmers Mutual Fire Insurance Company for business written for both and also pay to it balances due both and the portion of the funds belonging to petitioner is paid it monthly by the Ohio Farmers Mutual Fire Insurance Company. Cash premiums on all policies issued by Ohio Farmers Mutual Fire Insurance Company are ascertained and paid in advance and there is no liability of policyholders for assessments, nor provision in its policies for dividends to be paid them. It writes policies in the same form and manner as stock companies and uses the policy form uniformly adopted by such companies, except in states where a statutory form of policy is required and it keeps its books in accordance with established practice and rules of stock fire insurance companies, that is, on an accrual basis with reserves for unearned premiums and unpaid losses and it is a member of the National Board of Fire Underwriters which is limited to stock insurance companies.

For the year 1932, the Ohio Farmers Mutual Fire Insurance Company made a consolidated income tax return including petitioner as an affiliate and paid its tax under section 204 of the Revenue Act of that year. For many years prior thereto it had made its returns under the section of law provided for insurance companies other than life or mutual.

The Commissioner asserted a deficiency against petitioner for the tax year 1932 and held that the Ohio Farmers Mutual Fire Insurance Company was a mutual company and as such was taxable as an ordinary corporation and held that petitioner and it were prohibited from filing a consolidated return under the provisions of section 141 (e) of the Revenue Act of 1932. The Board of Tax Appeals sustained the Commissioner and hence this appeal.

The sole question for decision is whether the Ohio Farmers Mutual Fire Insurance Company, parent of petitioner, was a "mutual insurance company other than life."

Section 208 of the Revenue Act of 1932, 47 Stat. ch. 209, p. 227, provides that mutual insurance companies, other than life insurance, shall be taxable in the same manner as other corporations, with certain exceptions not material here. Such corporations are taxable under section 13 of the Act, 47 Stat. ch. 209, p. 177. Section 201 (a) provides for taxation of life insurance companies and section 204(a) for taxation of insurance companies other than life or mutual. Section 141(e) provides that an insurance company subject to be taxed under 201(a) or 204(a) shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13. The Commissioner found, and was sustained by the Board, that the Ohio Farmers Mutual Fire Insurance Company was taxable under section 208(a) of the Revenue Act of 1932 as a mutual company and that petitioner was taxable under 204 (a) as neither a life nor mutual company and that therefore a consolidated return was prohibited.

■ In seeking to ascertain the intention of the Congress and in the absence of anything to the contrary, it must be assumed it used the word "mutual" as applied to insurance companies in the sense it had long and generally borne in insurance matters. In other words, the term should be given its usual trade signification. Hedden v. Richards, 149 U.S. 346, 350, 13 S.Ct. 891, 37 L.Ed. 763.

The Ohio Farmers Mutual Fire Insurance Company obtained its charter in 1848 by a special act of the Legislature of Ohio, under the name of "Farmers Mutual Fire Insurance Company, Medina County" and all of its policyholders were members during the term of their policies. It provided for the election by the policyholders of a board of directors with usual powers and required that each member should deposit a promissory note for such sum as was determined by the board, six percent thereof to be paid, immediately, the remainder payable when the directors should deem it requisite to be used for losses or other expenses, each member becoming obligated on the issuance of a policy for his proportion of all losses and expenses. Provision was made for special assessment on all members not exceeding fifty cents on each hundred dollars of insurance outstanding and upon the payment of the entire deposit note and the surrendering of his policy before any subsequent loss or expense had occurred a member could retire from the company. This act was amended in 1849 prohibiting insurance upon certain kinds of property and limiting any one risk to two thousand dollars and was also amended in 1851, changing the name of the company to "Ohio Farmers Mutual Fire Insurance Company" and providing that the amount to be paid at time of application for insurance could be determined by the directors to include such amount as would pay the applicant's proportion of losses and expenses and that the capital stock of the company should be annually listed, assessed at its true value, and taxed in the same manner as other personal property.

■ There are three kinds of insurance companies, each with definite characteristics. A stock company is one where the stockholders who need not be policyholders contribute all the capital, pay all the losses and take all the profit. A mutual company is one in which the distinguishing feature is the mutuality of cooperation of the members united for that purpose, each taking a proportionate part in the management of its affairs and being at once insurer and insured, participating alike in its profits and losses, all of its members being policyholders. Mixed companies embody characteristics of each of the other two.

■ Under the act of original incorporation all persons insuring in the Farmers Mutual Fire Insurance Company were made members of the corporation during the period their insurance continued and each was entitled to vote at the election of directors. The amendment of January 3, 1851, did not change or modify these provisions. Prior thereto policies could be issued only upon the receipt of premium notes and after the amendment policies could be issued on the payment of a cash sum sufficient to pay the applicant's estimated proportion of losses and expenses. Because the sum the member would be required to contribute to losses and expenses was estimated and paid in cash at the time his policy was issued, in no sense destroys the mutuality of the association.

■ The members made up a common fund by means of their mutual or common contributions upon which each had a claim for any loss in respect to the property insured. There was no other responsibility on them, which is one of the characteristics of a mutual company. Joint stock companies have a subscribed capital and their policyholders have nothing to do with the management of the company. Mutual companies have no capital stock and depend solely upon their premiums and their affairs are managed by the policyholders. These are the distinguishing features of the two and whether the premiums were paid in cash or by notes has nothing to do with the distinction. Mygatt v. New York Protection Insurance Company, 21 N.Y. 52; Ohio Mutual Insurance Company v. Marietta Woolen Factory, 3 Ohio St. 348; Union Insurance Company v. Hoge, 62 U.S. 35, 65, 21 How. 35, 16 L.Ed. 61.

The Ohio Farmers Mutual Fire Insurance Company did not conduct its business as a stock company. It had no stockholders and the profits, if any, made by it accrued to its policyholders.

■ Giving the phrase "mutual insurance companies," as used in section 208 of the Revenue Act of 1932, the sense it has long and generally borne in insurance mat-

668 at top left

668

ters, we are of the opinion the Ohio Farmers Mutual Fire Insurance Company is a mutual company and subject to tax under section 13 of the Revenue Act of 1932 and excluded under section 204 of said Act. The petitioner, the Ohio Farmers Indemnity Company, was not an affiliate of the Ohio Farmers Mutual Fire Insurance Company within the meaning of section 141 of the Revenue Act of 1932.

The order of the Board is affirmed.