## UNITED STATES v. MIMEE.
### No. 31088.

United States District Court
E. D. Michigan, S. D.
March 3, 1950.

Edward T. Kane, United States Attorney, and James S. Soltesz, Assistant United States Attorney, of Detroit, Mich., for plaintiff.

The defendant was not represented by counsel.

LEDERLE, Chief Judge.

1. This case is presently before the court for decision upon a motion to vacate judgment and sentence, filed by defendant on January 20, 1950, to which the Government filed a reply on February 20, 1950. These findings are based upon such motion and reply, and upon the files and records of this court relating to this case.

2. On July 18, 1949 defendant appeared in this court, waived the return of an indictment and pleaded guilty to a short information reading as follows: "On or about the 13th day of July, 1949, in the Eastern District of Michigan, Southern Division, Raymond G. Mimee did, with intent to defraud the United States and Jean Carlton, Manager of the LeFandora Apartments, falsely pretend to be an officer and employee acting under the authority of the United States, namely an Agent of the Federal Bureau of Investigation, and falsely took upon himself to act as such, in that he falsely stated that he was a Special Agent of the Federal Bureau of Investigation engaged in the investigation and tracing of checks stolen from the United States mail, in violation of Sections 912 and 2(a), Title 18 U.S.C.A. (Revised)."

Thereupon, the matter was referred to the Probation Department of this court for a pre-sentence investigation. Defendant freely admitted his complicity in the crime charged, perpetrated with one Reuben Ray Freedman, whom he had met in 1938 when they were prisoners together in Folsom Prison, California, where defendant was serving a life sentence imposed in 1937 as an habitual criminal, from which he was paroled in June, 1943. Defendant's criminal activities started in Quebec, Canada, in 1925, and continued through Montreal, Quebec; Vancouver, British Columbia; Hamilton, Ontario; Los Angeles, California, and San Francisco, California. Defendant has spent approximately eighteen of these past twenty-four years in jail on felony convictions, and has received one pardon and a number of paroles, which he has consistently violated. On March 22, 1949 he was released on parole from Folsom Prison, California, to Detroit, Michigan, upon the false representation of ex-inmate Freedman that he was defendant's brother-in-law living in Detroit, Michigan. Early in the morning of July 14, 1949, defendant and Freedman were arrested by police officers of the City of Detroit, following visits by Freedman and defendant at three small downtown hotels where Freedman falsely represented defendant and himself to be F.B.I. Agents or Postal Inspectors, for the purpose of inspecting mail and extracting envelopes containing checks. On July 14, 1949 the Michigan Parole Officer, under whose supervision defendant had been for the four months since his parole from California to Michigan, placed a parole violator detainer for defendant with the Detroit Police Department. Under this detainer and for investigation of a robbery committed in Detroit by Freedman, defendant was held by the Detroit Police Department until July 18, 1949, at which time he was turned over to United States postal authorities. At 12 o'clock noon on July 18, 1949, defendant was arraigned before this court. On August 16, 1949 defendant was sentenced to two years' imprisonment for violation of 18 U.S.C.A. §§ 912 and 2(a), which prescribes a maximum penalty of three years and $1000 fine.

3. Following defendant's imprisonment under this sentence, he wrote a series of letters to this court, asking for reduction of his sentence. The first of these letters made no claim of defendant's innocence nor any complaint as to the investigation or prosecution of this case. In the ensuing months, defendant's correspondence progressively developed the allegations formally incorporated in the petition presently under consideration.

4. Defendant's claim, advanced for the first time several months after sentence herein, that he was in a state of narcosis at the time of arrest due to benzedrine which he had taken, appears to be false. Defendant was not under the influence of narcotics on July 18, 1949 when he was first turned over to United States authorities, arraigned before this court, his plea of guilty voluntarily made and accepted by this court, and he was remanded to the custody of the Marshal. Likewise, he was in a normal condition when he was brought before this court and sentenced one month later.

5. Defendant's attack upon the judgment of this court, alleging that he was held in custody more than 96 hours without being brought before a United States Commissioner, is without basis because defendant was arraigned before this court and pleaded guilty at noon of the day he was first turned over to United States authorities after having been held by state authorities on state charges for four days.

6. The files and records of this court relating to this case make it abundantly clear that defendant, an experienced criminal who has spent approximately half of his forty-one years of life in prison upon various felony convictions, within three months of a parole obtained through misrepresentations made to a Parole Department, entered into a series of criminal activities of the same type as, and culminating in, the offense with which he was charged herein; that he knowingly and intentionally participated in these activities in concert with another ex-convict; that he was arraigned before this court upon a legally proper information, charging violation of a specific federal law, within a few hours after he was received in the custody of

150

federal authorities; that he freely, voluntarily and knowingly pleaded guilty to this information, upon which plea he was sentenced a month later.

## Conclusions of Law

1. Where, as here, a defendant, who waives in open court prosecution by indictment, is charged in an information containing a plain, concise and definite written statement of the essential facts constituting an offense charged, being a violation in this District and Division of a specific United States statute, the information is proper and this court has jurisdiction of such case. Rule 7, Rules of Criminal Procedure, 18 U.S.C.A.

2. Persons who have committed an offense against the United States, or have aided, abetted, counselled, commanded, induced or procured its commission, are principal offenders and may be jointly or severally prosecuted in the discretion of the United States Attorney, and specifically, that one of such persons is prosecuted severally does not affect the legality of such prosecution. 18 U.S.C.A. § 2; Rule 5(b), Rules of Criminal Procedure, 18 U.S.C.A.

3. Where, as here, it appears that the judgment was rendered with jurisdiction, the sentence imposed was authorized by law and is not otherwise open to collateral attack, and there has been no such denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, a motion to vacate sentence should be overruled. 28 U.S.C.A. § 2255. As recently stated in Davilman v. United States, 6 Cir., 180 F.2d 284, "Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255, does not give them the right to try over again the cases in which they have been adjudged guilty."

## Order

In accordance with the foregoing findings of fact and conclusions of law,

It is hereby ordered that defendant's motion to vacate judgment and sentence is hereby overruled.