**UNITED STATES of America**

**v.**

John DIOGUARDI, also known as "Johnny Dio," Charles Tuso, Theodore Rij, also known as "Teddy Ray," also known as "Skinny," Charles Salvatore Carlino, also known as "Charley Woppie," Domenico Bando, also known as "Nick Bando," Leo Telvi, Joseph Peter Carlino, also known as "Joe Peelo," and Gundolfo Miranti, also known as "Shiekie," Defendants.

United States District Court
S. D. New York.
Nov. 16, 1956.

**12**

Paul W. Williams, U. S. Atty., New York City, Arthur Christy and Robert Kirtland, Asst. U. S. Attys., New York City, for the United States.

Irving Mendelson, New York City, Attorney for defendant Charles Salvatore Carlino.

Aaron B. Z. Silver, Brooklyn, N. Y., for defendant Domenico Bando.

Goldstein & Goldstein, for defendant Charles Tuso, Lawrence Kovalsky, New York City, of counsel.

William W. Kleinman, Brooklyn, N. Y., and Noah L. Braunstein, New York City, for defendant John Dioguardi.

Chester Kleinberg, New York City, for defendant Leo Telvi.

Irving Spieler, New York City, for defendant Theodore Rij.

Matthew H. Brandenburg, New York City, for defendant Gundolfo Miranti.

FREDERICK van PELT BRYAN, District Judge.

(This, with minor changes in phraseology, is the text of an opinion rendered in open court.)

The Government has moved under Rule 14 of the Federal Rules of Criminal Procedure, 18 U.S.C. for a severance as to the defendants John Dioguardi, Charles Tuso, Theodore Rij and Charles Salvatore Carlino. It indicates that if such motion is granted it will proceed to trial against the remaining defendants, Bando, Telvi and Miranti, on or about November 9, and will try the defendants as to whom severance is sought separately immediately thereafter.

The defendant Telvi moves for a severance as to him so that he may be tried separately from all of the other defendants.

These motions should be determined together, since the decision upon them will determine the course and order of the trial or trials under this indictment.

The defendants are charged in a one-count indictment with a conspiracy to violate Section 1503 of Title 18 of the United States Code prohibiting the obstruction of Federal justice, and Section 1073 of Title 18 of the United States Code prohibiting the transportation of a fugitive from State authority into another State. The indictment charges that there was a single conspiracy to commit both crimes, it being alleged that the latter crime was in furtherance of the former.

First as to the motion made by the Government:

Rule 14 authorizes the granting of a motion to sever the trial of co-defendants if it appears that the Government would be prejudiced by a joint trial.

 The question of severance under Rule 14 more frequently arises upon motion of a defendant who desires a separate trial on the ground that he will be prejudiced if tried together with another or other defendants. Such an application is addressed to the discretion of the Court, and its discretion will not be disturbed unless a clear abuse of discretion is shown. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Lebron, 2 Cir., 222 F.2d 531, 535. In deciding such an application by a defendant, the Court determines whether the alleged prejudice to the defendant in being jointly tried with the other defendants overbalances possible prejudice to the Government which might result from a separate trial.

It is questionable whether there is any such balancing to be done when the motion for severance is made by the Government. In United States v. Bronson, 2 Cir., 145 F.2d 939, 943, Judge Learned Hand stated: "No accused person has any recognizable legal interest in being tried with another, accused with him * * *." In an early case, United States v. Marchant, 12 Wheat. 480, 482, 25 U.S. 480, 482, 6 L.Ed. 700, the Supreme Court, per Mr. Justice Story, stated that there was no doubt that prisoners who were jointly indicted could, against their wishes, be tried separately. Miller v. United States, 4 Cir., 277 F. 721, 726, also holds that co-defendants may be tried separately regardless of their objections. In United States v. Mimee, D.C.E.D.Mich. S.D., 89 F.Supp. 148, 150, the Court went so far as to hold that whether defendants are to be jointly or separately prosecuted is "in the discretion of the United States Attorney". There is, therefore, grave doubt whether these defendants have any standing to object to the Government's desire to proceed by way of two trials rather than one trial.

■ In any event, the defendants here have shown no prejudice to them which could result from such a severance. The defendants Dioguardi, Carlino, Tuso and Rij claim that they are being held in excessive bail, and that the short delay which a granting of the motion for severance might occasion would work an injustice upon them. If the defendants should feel aggrieved by any delay which might occur by reason of a severance, they may make appropriate motion for reduction of bail on the basis of any changed circumstances which may exist, and that motion will be duly passed upon by the Court. I express no views on such an application.

■ The only other claim of prejudice is that made by the defendant Miranti, who makes the novel plea that if he is tried first he may then be compelled to testify against his co-conspirators, since his privilege against self-incrimination may no longer be available to him. There is no merit whatsoever in this contention. If the defendant has no privilege against self-incrimination to assert, he is under a duty to give testimony in response to appropriate process of this Court, and may be punished for contempt for his failure to do so. This Court will not aid him to escape his duty.

■ While the Court is not required on a motion of this character to balance any claims of the defendants to prejudice, if there be a separate trial, against the claims of the Government that prejudice would result to it if a separate trial were not had, nevertheless, in order to entitle the Government to a severance it must show to the satisfaction of the Court that prejudice to it would result from a joint trial.

Defendants have interposed what can be loosely termed as a demurrer to the Government's motion. They contend that the Government has not sustained its burden under Rule 14 to establish that it would be prejudiced by a joint trial.

It is true that the affidavit on which the moving order to show cause is based merely states that "unless such a severance is granted, the Government will be seriously prejudiced." It may well be that such a bare statement is not in itself sufficient to satisfy the Government's burden under Rule 14. Nevertheless, upon the initial argument of this motion the United States Attorney stated, as an officer of this Court, the reasons why he contended that the Government would be prejudiced by a joint trial. The transcript of his statement was, at the direction of the Court, furnished to counsel for all parties and they were given a full opportunity to make their answer to the Government's position.

■ The Court is prepared to accept the statements made to it by the United States Attorney, as an officer of the Court, as supplemental to the statements in the moving affidavit previously quoted, though it may well have been better

**14**

practice for the United States Attorney to set forth his reasons in affidavit form as part of the moving papers.

The Government's claim of prejudice is based on two grounds: First, the Government states that the pattern of proof as it relates to Bando, Miranti and Telvi is much simpler than the pattern relating to the defendants Dioguardi, Tuso, Rij and Carlino, and that a severance will enable the Government to make a simpler and clearer presentation of evidence to the jury than would be the case in a joint trial. It asserts that the aspect of the conspiracy with which Bando, Miranti and Telvi are concerned relates principally to the alleged actions of the co-conspirators in harboring and concealing one of their number, and in endeavoring to get him out of the State of New York in order to avoid his apprehension for a State crime which it is claimed he committed.

On the other hand, the Government states that the case against Dioguardi, Tuso, Rij and Charles Carlino relates principally to that portion of the conspiracy concerning the alleged attack upon a prospective witness before the Grand Jury and the intimidation of other prospective witnesses. It states that the trial of both issues together would only promote confusion at the trial.

Second, the Government asserts that evidence with respect to the defendants as to whom it asks a severance will not be available to it until after the trial of the first three defendants.

■ The defendants claim that these grounds are insufficient, particularly since the Government does not spell out the precise nature of the evidence that may not be available until after the first trial, nor the details of what it expects to prove either on the first or the second trial. The Government on a motion of this character should not be compelled to disclose its evidence or its precise tactical plans for the trial. There must be a balance between a reasonable showing of prejudice to the Government on the one

hand, and disclosures which might gravely prejudice the Government's case on the other.

■ In the opinion of the Court, the grounds which the Government has adduced, taken together, are sufficient to show that prejudice to the Government would result from a joint trial of these defendants, and that such prejudice would be in large measure avoided by granting the severance which it seeks.

Second, as to the motion of defendant Telvi:

Defendant Telvi claims that he will be prejudiced by a trial with the other defendants on four grounds.

First, he asserts that he is not a party to what he regards as the main conspiracy at all, but merely, if anything, to a secondary conspiracy relating to the concealment of a deceased co-conspirator. Second, he claims that he will be prejudiced because his defense would be antagonistic to that of the other defendants and may be overwhelmed by the weight of their numbers. Third, he claims that because all of the other defendants have past criminal records, some of them long ones, and he has not, he will be prejudiced by joint trial because he may be tarred with the odium of their records. Finally, he asserts that a confession of his co-defendant Miranti may be introduced at the trial and that it would be impossible to prevent statements in such a confession from prejudicing the minds of the jury as to him even though it was not admissible as against him.

■ The first three of these grounds furnish no reason for granting a severance as to the defendant Telvi. The situation of which he complains is a frequent, and, in fact, an almost inevitable result of a conspiracy. It may be noted that there is only one conspiracy charged in this indictment. Whether defendant joined the conspiracy early or late, all acts and statements of co-conspirators in furtherance of the conspiracy are admissible against him and would

be so admissible whether he were tried separately or jointly.

██ Moreover, even if, as he claims, there are two conspiracies instead of one, and there should appear at the trial to be a variance between the allegations of the indictment and the proof on this point, nevertheless, this would not justify the granting of a separate trial on a pretrial motion. This is a matter for the trial court to determine. Whether the variance, if it should occur, is such as to "affect the substantial rights" of the accused may best be determined at the trial. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 630, 79 L.Ed. 1314, Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

In any event, the granting of the Government's motion for a separate trial of Bando, Miranti and Telvi would at least ameliorate as to Telvi the conditions of which he complains.

██ The fourth ground advanced by Telvi gives the Court somewhat more concern. However, at this stage of these proceedings there is necessarily insufficient information before this Court on which a determination as to severance on this ground can be made. In United States v. Delli Paoli, 2 Cir., 229 F.2d 319, certiorari granted, 350 U.S. 992, 76 S. Ct. 544, the Court of Appeals of this Circuit held that it was not error for the trial court to refuse a severance where a confession by one conspirator was introduced in evidence, and the Court gave proper instructions to the jury that the statements contained in such confession were not binding upon another co-conspirator. It is apparent from that case that the trial court may order a severance if it deems it to be in the interest of justice after taking into account the possible effect of the confession, the extent of involvement of the defendant in the conspiracy, and the conclusiveness of other proof against him.

The Court at this stage of these proceedings is in no position to judge (a) whether a confession of Miranti will be admitted or not, (b) the extent of involvement of the defendant Telvi in the alleged conspiracy, or (c) the conclusiveness of the proof against him. These are matters for determination by the trial court at the trial.

In the opinion of the Court there is no present reason for granting a separate trial to the defendant Telvi alone.

The motion of the Government to sever as to the defendants Dioguardi, Tuso, Rij and Charles Carlino is granted. The motion of defendant Telvi for a severance is denied except to the extent that the relief prayed for is secured by the granting of the Government's motion.

Of course, the denial of defendant Telvi's motion is without prejudice to a renewal of the motion at the trial if circumstances should then dictate.