Earl R. CEPHUS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17712.

United States Court of Appeals District of Columbia Circuit.

Argued June 27, 1963.

Decided Sept. 12, 1963.

---

1. National Brick & Supply Co. v. Baylor, 112 U.S.App.D.C. 73, 299 F.2d 454 (1962).

Mr. Walter E. Gillcrist, Washington, D. C. (appointed by this Court), with whom Mr. Edward L. Carey, Washington, D. C., was on the brief, for appellant.

Mr. William C. Pryor, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Paul A. Renne, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

BAZELON, Chief Judge.

Appellant and a co-defendant were indicted for unauthorized use of a motor vehicle (D.C.Code § 22–2204). In a joint trial the court denied appellant's motion for acquittal at the close of the Government's case.[1] Thereafter the co-defendant, testifying on his own behalf, related facts tending to prove his own innocence and appellant's guilt. Appellant then called two witnesses—his wife, who provided an alibi, and his mother, who sought to impeach the co-defendant. The jury found both defendants guilty, and appellant was sentenced to imprisonment for sixteen months to four years. His application for leave to appeal *in forma pauperis* was "denied as frivolous" by the District Court. Appellant's subsequent

1. We think that denial was implicit in this statement by the court: "I am going to submit it to the jury. In the meanwhile, I will go into it more thoroughly, the motion to set aside the verdict as to Cephus if they find him guilty. I don't want Cephus to be misled by what I am saying here. I am not saying I will grant it. I will hear it, and hear arguments on it. You may convince me that you are right. I am teetering on it. I am not satisfied. So I will submit it to the jury and we will see what happens."

application to this court was granted over the opposition of the United States Attorney. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).[2]

■ In this appeal appellant contends that the Government's case-in-chief was insufficient to sustain a verdict of guilty and that therefore the trial court erred in denying his motion for judgment of acquittal. We agree. The Government's witnesses testified that a car was reported missing from a dealer's service garage on June 13, 1962, that the co-defendant was arrested while driving the vehicle that night, that one of several fingerprints found on the outside of the left ventilation window was appellant's, that appellant after his arrest denied any knowledge of the automobile, and that he claimed not to have seen co-defendant since before the date of the alleged unauthorized use. Based upon that evidence alone, the jury could not have found beyond a reasonable doubt that appellant was guilty.[3]

■ The Government, however, contends that we are required to consider all the evidence, and not the Government's alone, in determining whether a judgment of acquittal is now required. It says that a defendant is ordinarily deemed to have waived his motion for acquittal at the close of the Government's evidence when, after denial of the motion, he chooses to introduce evidence on his own behalf.[4] We think, however, that it would be an unwarranted extension of this waiver doctrine to apply it in the circumstances of this case.

■ One of the greatest safeguards for the individual under our system of criminal justice is the requirement that the prosecution must establish a prima facie case by its own evidence before the defendant may be put to his defense.

"Ours is the accusatorial as opposed to the inquisitorial system. * * * Under our system society carries the burden of proving its charge against the accused not out of his own mouth. It must establish its case, not by interrogation of the accused even under judicial safeguards, but by evidence independently secured through skillful investigation." [Watts v. Indiana, 338 U.S. 49, 54, 69 S.Ct. 1347, 1350, 93 L.Ed. 1801 (1949) (Frankfurter, J.)][5]

Accordingly Rule 29(a) of the Federal Rules of Criminal Procedure provides that a motion for judgment of acquittal must be granted "after the evidence on either side is closed if the evidence is insufficient to sustain a conviction." Denial of such a motion at the close of the Government's evidence is not immediately reviewable.[6] Nevertheless, if the defendant then rests or if he introduces evidence which adds nothing to the Government's evidence, the sufficiency of the Government's case-in-chief may be reviewed on the appeal from a conviction.[7]

2. We note that after appellant had been in custody 1½ months before trial and 11 months after trial—a total of over 12 months—he was released pending appeal on his own recognizance.

3. See Curley v. United States, 81 U.S.App. D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850, rehearing denied, 331 U.S. 869, 870, 67 S.Ct. 1729, 91 L.Ed. 1872 (1947).

4. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193, cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775, rehearing denied, 335 U.S. 839, 840, 69 S.Ct. 9, 93 L.Ed. 391 (1948); Ladrey v. United States, 81 U.S.App.D.C. 127, 155 F.2d 417, cert. de-

nied, 329 U.S. 723, 67 S.Ct. 68, 91 L.Ed. 627 (1946).

5. See also Report of the Attorney General's Committee on Poverty and the Administration of Justice 10 (1963).

6. The denial is neither a final decision appealable under 28 U.S.C. § 1291 (1958), nor, of course, an interlocutory decision appealable under 28 U.S.C. § 1292 (1958).

7. We read the Government's concession and the Supreme Court's decision in Hemphill v. United States, 312 U.S. 657, 61 S.Ct. 729, 85 L.Ed. 1106 (1941) (per curiam), and Rule 52(b), F.R.Crim.P., as repudiating the notion that renewal of the motion at the end of the case is necessary to gain appellate review of the suf-

Difficulty arises where the defendant himself introduces evidence which has the incidental effect of filling the gap in the Government's case. If the appellate court must limit its review to the evidence at the close of the Government's case, it will be required to direct an acquittal even though there is sufficient competent evidence at the close of the entire case to sustain a conviction. The waiver doctrine prevents acquittals in such cases.

The few decisions which elaborate on the waiver rule attempt to justify it on the ground that the defendant's loophole-plugging evidence renders harmless any error in the denial of the original motion,[8] or that a defendant who voluntarily introduces evidence is estopped from denial of its efficacy.[9] These arguments do not meet the objection that the defendant's willingness to ask for acquittal on the Government's evidence is not a willingness to gamble on a prediction that the jury or appellate court will find that evidence insufficient.[10] Moreover, there is danger that under the waiver rule prosecutions may be pursued with inadequate evidence in the hope that defendants will supply missing evidence. The rule seriously limits the right of the accused to have the prosecution prove a prima facie case before he is put to his defense.[11]

A New Jersey court in 1916 rejected the waiver rule in criminal cases on the ground that:

> "the application of the civil rule to criminal trials is open to the criticism that, by force of a ruling that was wrong when made, testimony that the defendant ought not to have been required to give at all may be laid hold of to sustain the wrongful ruling by which he was required to give it. This comes perilously near compelling the accused to convict himself * * * *".[12]

Nevertheless, most jurisdictions, including Federal circuits, have consistently followed the waiver rule;[13] and the Supreme Court, in a case from the Ninth Circuit, has provided at least a dictum supporting it.[14] But as the quotation suggests, the rule was imported from civil into criminal trials [15] without consider-

---

ficiency of the evidence. Our references to "waiver" in this opinion exclude this notion.

8. See United States v. Goldstein, 168 F.2d 666, 669–670 (2d Cir. 1948).

9. See Leyer v. United States, 183 F. 102, 104 (2d Cir. 1910).

10. See The Motion for Acquittal: A Neglected Safeguard, 70 Yale L.J. 1151, 1153 & n. 17 (1961).

11. See generally The Motion for Acquittal: A Neglected Safeguard, supra note 10.

12. State v. Bacheller, 89 N.J.L. 433, 436, 98 A. 829, 830 (N.J.Sup.Ct.1916).

13. See The Motion for Acquittal: A Neglected Safeguard, 70 Yale L.J. 1151, 1152 & n. 9 (1961) (citing cases); Mosca v. United States, 174 F.2d 448 (9th Cir. 1949); Harris v. United States, 285 F. 2d 85 (5th Cir. 1960), cert. denied, 368 U.S. 820, 82 S.Ct. 38, 7 L.Ed.2d 26 (1961); Gaunt v. United States, 184 F. 2d 284 (1st Cir. 1950), cert. denied, 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662, rehearing denied, 340 U.S. 939, 71 S.Ct. 488, 95 L.Ed. 678 (1951).

14. United States v. Calderon, 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 99 L.Ed. 202 (1954).

15. See, e. g., Leyer v. United States, 183 F. 102, 104 (2d Cir. 1910): "We see no reason to repudiate this [civil] rule in criminal causes." Burton v. United States, 142 F. 57, 59–60 (8th Cir. 1906): "This rule is uniformly applied in civil cases [citing five civil cases]. And no reason is perceived why it is not equally applicable to criminal cases."

In this Circuit the criminal waiver cases trace to Perovich v. United States, 205 U.S. 86, 27 S.Ct. 456, 51 L.Ed. 722 (1907), where the Supreme Court merely said: "Without resting upon the proposition that introducing testimony after such a motion has been overruled is a waiver of any exception to the action of the court [citing civil cases], we are of the opinion that neither at that time nor at the close of all the testimony would the court have been justified in withdrawing the case from the jury." Id. 205 U.S. at 91, 27 S.Ct. at 457, 51 L.Ed. at 722.

ing the demands of our accusatorial system of criminal justice.

■ In Federal criminal cases, still another point must be considered. As Dean Wigmore pointed out:

"Where an opponent, at the close of proponent's case in chief, has made a motion asking in effect for the direction of a verdict, * * * the opponent cannot claim a ruling by the judge, as a matter of right * * * *without then resting his own case.* At that point, he is only invoking the Court's discretion; not until the entire evidence is closed may he demand a ruling *as of right* * * *."

Thus, said Wigmore, if the opponent proceeds with his evidence, thereby confirming the discretionary nature of the original ruling, he loses any opportunity to protest the original error:

"This is sometimes put upon the ground of *waiver;* but it is rather a necessary consequence of the discretionary nature and limited scope of the first ruling." [9 Wigmore, Evidence § 2496 (3d ed. 1940) ] [16]

But Rule 29(a) of the Federal Rules of Criminal Procedure makes it clear that the first ruling is not discretionary in criminal cases. A judgment of acquittal is mandatory if the Government's case is insufficient. The trial judge has no discretion to reserve his ruling in the expectation that the defendant will testify.[17]

■■ Nevertheless, we need not here question the entire waiver doctrine in criminal cases. We need only question its application based upon the defendant's response to damaging testimony of a co-defendant testifying on his own behalf. It is clear that if the defendant himself rests on the Government's evidence, the co-defendant's testimony does not waive the defendant's motion.[18] It is also clear that the defendant's own evidence, introduced in response to the co-defendant's testimony, does not waive the motion if it adds nothing to the Government's case. The waiver question arises only where, as here, the defendant himself, in seeking to explain, impeach, or rebut the co-defendant's testimony, introduces evidence which overshoots that mark and tends to cure a deficiency in the Government's case.[19] We think the waiver doctrine cannot fairly be applied in this situation.

A defendant's attempt to explain, impeach, or rebut a co-defendant's testimony does not at all imply that after the defendant made his motion to dismiss, he then re-evaluated the Government's case-in-chief and now thinks it sufficient. It may be both necessary and possible for the defendant to meet the co-defendant's testimony. He should be free to do so without risk that he may be held to have waived his motion.[20]

If the appellant is now deemed to have waived his right to test the sufficiency of

---

16. Wigmore's citations include several federal criminal cases, but all of them shortly come to rest on civil cases, on cases which assume the rule without discussion or citation, or on cases not relevant to waiver. 9 Wigmore, Evidence 313 n. 1, 315 n. 3 (3d ed. 1940).

17. Jackson v. United States, 250 F.2d 897 (5th Cir. 1958). But cf. United States v. Goldstein, 168 F.2d 666, 669–670 (2d Cir. 1948).

18. In Middleton v. United States, 106 U.S. App.D.C. 50, 269 F.2d 241 (1959), the Government apparently conceded this point, but argued that defendant's acquiescence in co-defendant's attempt to provide an alibi for all the defendants was a waiver, since he might have moved for a severance. Brief for Appellee, pp. 6–7. The per curiam opinion granting an acquittal despite the damaging effects of the attempted alibi impliedly rejected that theory.

19. Defendant's counsel attempted to elicit from defendant's mother a report of a prior statement by co-defendant inconsistent with his testimony, but as reported by her the statement might have been sufficient to inculpate rather than exculpate defendant. A colloquy between the court and counsel as to her presence in the courtroom makes it clear that she would not have been called if co-defendant had not testified.

20. See Regina v. Abbott, [1955] 2 All E.L.R. 899 (Ct.Crim.App.).

the Government's case, the Government will in effect have been able to use the coercive power of the co-defendant's testimony as part of its case-in-chief, even though the Government was prohibited from calling the co-defendant to testify for the prosecution. Although this prohibition arises from the co-defendant's privilege against self-incrimination,[21] its effect excludes from the Government's case-in-chief the testimony of one who has an incentive to exculpate himself by inculpating his fellow defendant.[22]

Reversed and remanded with directions to vacate the judgment and enter a judgment of acquittal.

WRIGHT, Circuit Judge (concurring).

I concur in the well considered opinion of the court.

Pursuant to Rule 29(a), F.R.Crim.P., appellant moved for judgment of acquittal at the close of the Government's case.

Instead of granting the motion, the trial judge made no ruling. Under Rule 29, he was required to rule.[1] And in view of the insufficiency of the evidence then in the record, the motion should have been granted.

The fact that exculpatory evidence offered by his co-defendant implicated appellant in the crime cannot deprive appellant of his rights under Rule 29(a). Nor can appellant's efforts, in introducing evidence in his own behalf to offset his co-defendant's evidence, trigger the invocation of the waiver doctrine. Whatever continued validity that archaic doctrine may have, it certainly has no application to the facts of this case. Indeed, a simple reading of Rule 29(a) indicates that the waiver doctrine is without validity in any case.[2] A defendant cannot be boxed out of his Rule 29(a) rights by forcing him to go to trial with a co-defendant, or by waiting hopefully for him to convict himself.

21. See 8 Wigmore, Evidence 406–08 (McNaughton rev. 1961).

22. The Government may, in such cases, indict defendants separately or move for severance upon trial. See United States v. Dioguardi, 20 F.R.D. 10, 13 (S.D. N.Y.1956), and cases cited. With only one of the accused on trial, the prosecution could call the other as its witness. Cf. United States v. Augustine, 189 F. 2d 587, 588–589 (3d Cir. 1951); United States v. Hiss, 185 F.2d 822, 831–832 (2d Cir. 1950). And see United States v. Maloney, 262 F.2d 535 (2d Cir.1959). The witness would retain his privilege against self-incrimination as to specific questions.

1. The requirement is clear. The motion for judgment of acquittal may be made "after the evidence on *either* side is closed." Rule 29(a). (Emphasis supplied.) But it is only as to the motion "made at the close of *all the evidence*" that "the court may reserve decision." Rule 29(b). (Emphasis supplied.) Thus, the court has no authority to reserve decision as to the motion made at the close of the Government's case. Jackson v. United States, 5 Cir., 250 F.2d 897 (1958). This facet of Rule 29 is in

harmony with its basic command that when the Government has not made out its case, the defendant shall be acquitted without being required to put on his proof. And it is the inconsistency of the waiver doctrine with this command of the Rule that saps the authority it derives from long years of habitude.

2. The grant of the motion in proper cases is mandatory, and not a matter of discretion, for the Rule states in terms that the court "*shall* order the entry of judgment of acquittal * * * if the evidence is insufficient to sustain a conviction." Rule 29(a). (Emphasis supplied.) See Cooper v. United States, 94 U.S.App.D.C. 343, 218 F.2d 39 (1954). The introduction of evidence after the denial of the motion does not "waive" the motion so as to prevent appellate review of the sufficiency of the evidence. Hemphill v. United States, 312 U.S. 657, 61 S. Ct. 729, 85 L.Ed. 1106 (1941) (*per curiam*). If the denial of the motion was erroneous when made, it should be corrected on appeal. Few errors of law are as prejudicial to the defendant. Subsequent testimony cannot "cure" the error. See generally Comment, The Motion for Acquittal: A Neglected Safeguard, 70 Yale L.J. 1151 (1961).