**Edward JABEN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17718.**

United States Court of Appeals
Eighth Circuit.

Aug. 19, 1965.

Rehearing Denied Sept. 13, 1965.

filed brief with Jane Robb Thompson, Kansas City, Mo.

K. William O'Connor, Atty., Tax Div., Dept. of Justice, Washington, D. C., made argument for appellee and filed brief with Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Joseph M. Howard and Stephen Koplan, .Attys., Dept. of Justice, Washington, D. C., and also F. Russell Millin, U. S. Atty., Kansas City, Mo.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

Edward Jaben, the appellant, was indicted on four counts charging him with violations of 26 U.S.C.A. § 7206(1) and 18 U.S.C.A. § 1001. Counts 1, 3 and 4 charged that three false written statements had been given to the Internal Revenue Service, while count 2 charged that a false oral statement had been made to agents of the Internal Revenue Service. The false statements allegedly made by the appellant asserted that *all* of his corporation's books, records and accounting data had been destroyed in a fire, whereas the government claimed that *all* were not destroyed. At the request of the appellant and with the consent of the government, the case was tried to the court without a jury. Judge Oliver found the appellant guilty on all four counts and imposed sentence as follows:

On counts 1 and 2, $500 fine on each count and the costs of the action.

On counts 3 and 4, imposition of sentence was suspended and appellant was placed on probation for a period of five years. One of the conditions of probation was that the $1,000 fine imposed on counts 1 and 2 should be paid during the probationary period.

After denial of a motion for a new trial, appeal was taken to this court.

Appellant first attacks the indictment, charging that the grand jury "enlarged upon the alleged crime by including in the indictment conditions relating to penal statutes which were omitted by

Charles C. Shafer, Jr., Kansas City, Mo., made argument for appellant and

Congress." He attempts to demonstrate the correctness of his contention by pointing out that in counts 1, 3 and 4 of the indictment read, " * * * Jaben did willfully and knowingly * * * ", whereas 26 U.S.C.A. § 7206(1) uses only the word "willfully", and accordingly argues that there is an enlargement by including the word "knowingly". He also points out that in counts 1, 3 and 4 the indictment read, " * * * defendant well KNEW and BELIEVED * * * ", whereas 26 U.S.C.A. § 7206(1) uses only the word "believed", claiming that there was an enlargement by the addition of the word "knew".

As to count 2, appellant points out that the indictment read, " * * * Jaben did WILLFULLY and KNOWINGLY * * * ", whereas 18 U.S.C.A. § 1001, as it refers to "false statements", uses only the word "knowingly" and that the grand jury thereby enlarged the charge by adding the word "willfully".

■ While admitting that he is "unable to locate any authorities dealing with the precise factual situation present in this case * * * ", he relies upon the subject of enlargement generally, citing Morissette v. United States, 1952, 342 U.S. 246, 264, 72 S.Ct. 240, 96 L.Ed. 288, and other cases which are of no support for his charge of error. Appellant made the same contention in District Court. Judge Oliver formally determined the matter adversely to the appellant, filing his Memorandum Opinion which is published as United States v. Jaben, D.C. W.D.Mo., W.D., 1963, 224 F.Supp. 603. We agree with Judge Oliver's handling of the questions and, additionally, direct attention to the fact that as to counts 1, 3 and 4, indictments under 26 U.S.C.A. § 7206(1) in similar form have repeatedly been considered and approved by the courts. United States v. Rayor, D.C.S.D. Cal., Central Div., 1962, 204 F.Supp. 486, 487, petition for rehearing dismissed, 9 Cir., 1963, 323 F.2d 519, certiorari denied, 375 U.S. 993, 84 S.Ct. 632, 11 L.Ed. 2d 479; Sherwin v. United States, 9 Cir., 1963, 320 F.2d 137 (note 2, p. 139). Cf. United States v. Accardo, 7 Cir., 1962,

298 F.2d 133 (note 2, p. 134) (reversing on other grounds a conviction in the District Court). We further point out that if the indictment as to counts 1, 3 and 4 did actually require proof of an additional element not necessitated by the language of the statute, the appellant should not be heard to complain. The requirement of proof beyond the wording of the statute would in fact be in appellant's favor. It would force the government to establish something not necessitated by the language of the statute, thereby placing an additional burden on the government.

■ We find appellant's attack on the wording of count 2 equally frivolous. See Knowles v. United States, 10 Cir., 1955, 224 F.2d 168. Addition of the word "willfully" could not possibly be prejudicial.

■ For his second claim of error, appellant argues that automatic extensions for corporations do not require a reason or verification and therefore count 3, based upon Form No. 7004, should be dismissed. Count 3 charged and the proof established that in making out Form No. 7004 the appellant declared "under the penalties of perjury" that:

"Reason extension is applied for: The records of the corporation were destroyed in a fire which took place on July 4, 1960. The company is still in the process of trying to find sufficient books and records upon which to base its return."

Appellant argues:

"Since the Internal Revenue Service has by regulations plainly indicated WHERE and WHEN it wants reasons given for an extension, the truth or falsity of a reason given for a PURELY AUTOMATIC extension can not constitute a criminal act. Inasmuch as the granting of the corporate extension is purely automatic, no possible materiality can be subscribed to the so-called reason since there would be no possible chance for the Government to be misled."

26 U.S.C.A. § 6081(b) provides:

"*Automatic extension for corporation income tax returns.—An extension of 3 months for the filing of the return of income taxes imposed by subtitle A shall be allowed any corporation if, in such manner and at such time as the Secretary or his delegate may by regulations prescribe, there is filed on behalf of such corporation the form prescribed by the Secretary or his delegate, * * *.*" (Emphasis supplied.)

Appellant then directs attention to Regulation 1.6081-3, which says:

"(a) A corporation shall be allowed an automatic extension * * provided the following requirements are met:

"(1) An application must be prepared in duplicate on form 7004 * * * and must be signed by a person authorized by the corporation * * *

"(2) * * * upon the timely filing of form 7004 properly prepared, the 3-month extension shall be considered as allowed * * *."

Regardless of the regulation, application Form 7004 furnished by the Treasury Department and required by the regulation for the making of an application for an automatic extension to file an income tax return for a corporation based on 26 U.S.C.A. § 6081(b) contained the following:

"Application is hereby made for an automatic extension of three months for filing the completed return of the corporation named herein in accordance with the provisions of section 6081(b) of the Internal Revenue Code of 1954.

"Reason extension is applied for:
. . . . . . . . . . . . . . . . ."

The form also provides:

### "SIGNATURE AND VERIFICATION

"I declare under the penalties of perjury that I have been authorized by the above-named corporation to make this application and that to the best of my knowledge and belief the statements made herein are true and correct."

The appellant signed such form, required by the regulation as based on § 6081(b), as president of the corporation and therein gave the reasons the extension was applied for, which reasons were charged to be false. The trial court, who was sitting as the trier of the facts as well as the judge of the law, specifically found that the statement of the appellant made in Form 7004 was made under the penalties of perjury, that the statement was false, was known to be false by the appellant, and was a material misstatement of fact. Appellant's reliance on Freidus v. United States, 1955, 96 U.S.App.D.C. 133, 136, 223 F.2d 598, 601, is misplaced. We find his second claim of error to be without merit.

Appellant contends that the motion for acquittal at the conclusion of the government's case should have been sustained. He argues that:

"Much of what the Trial Court at pages 11 and 12 of its opinion describes as being items relating to Defendant's 'motivation,' came NOT from the government's case, but from evidence later adduced by the Defendant. If the Defendant had refused to present any testimony or evidence at the conclusion of the government's case, the Trial Court would have been pressed to find 'motivation' in what the government had at that point presented."

 It has been a long-standing holding of this court, as well as of other Circuits, that where a defendant, subsequent to the close of the government's case in chief, offers evidence of his own which supplies something lacking in the government's case, the defendant has "waived" his contention that there was a failure of proof at the close of the government's case. In Burton v. United States, 8 Cir., 1906, 142 F. 57, at 59, this court said:

"At the conclusion of the evidence for the prosecution the defendant

Malchow requested the court to instruct the jury to return a verdict of not guilty as to him, on the ground that no evidence had been produced which tended to show that he was in any way responsible for the mailing of the circular. The request was denied, and he now seeks to press an exception taken to that ruling. *But as he did not stand upon his request and exception, but proceeded to offer evidence in his defense, he waived all right to insist that the verdict should be rested solely upon the evidence produced by the prosecution.* This rule is uniformly applied in civil cases (citations omitted). And no reason is perceived why it is not equally applicable to criminal cases." (Emphasis supplied.)

The Fifth Circuit, in T'Kach v. United States, 5 Cir., 1957, 242 F.2d 937, at 938, stated:

" * * * Where a defendant in a criminal case, after denial of a motion for acquittal at the close of the Government's case, introduces evidence on his own behalf, his motion is abandoned. *The case comes before us for review upon all the evidence and the entire record.* * *" (Emphasis supplied.)

The Second Circuit, in United States v. Goldstein, 2 Cir., 1948, 168 F.2d 666, at 670, stated:

" * * * In other words, if the evidence is short as the prosecution leaves it, he [appellant] may take advantage of that. But if he amplifies the record on the facts in attempting to make a case for acquittal *he must assume the risk of having the prosecution's case bolstered in the process.* * * *" (Emphasis supplied.)

The First Circuit, in Gaunt v. United States, 1 Cir., 1950, 184 F.2d 285, certiorari denied, 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662, rehearing denied, 340 U.S. 939, 71 S.Ct. 488, 95 L.Ed. 678, applies the same rule.

See, generally, United States v. Calderon, 1954, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202; McDonough v. United States, 8 Cir., 1957, 248 F.2d 725; 4 Baron, Federal Practice and Procedure, Cumulative Supplement, § 2222, p. 238, "Waiver". In Cephus v. United States, 1963, 117 U.S.App.D.C. 15, 18–19, 324 F.2d 893, 896–897, the defendant, in an attempt to rebut a co-defendant's testimony, produced testimony which cured a defect in the government's case. The court there criticized the "waiver" doctrine and would not apply it in that factual situation. However, that court stated that it did not consider it necessary to question "the entire waiver doctrine in criminal cases". 324 F.2d at 897.

The remainder of appellant's contentions—that the government failed to carry its burden and that the government failed to prove intent—are, in totality, an attack upon the sufficiency of the evidence. In considering the sufficiency of the evidence, we must take that view thereof which tends to support the prevailing party, herein the government, and must accept as established all reasonable inferences to be derived from such testimony. Koolish v. United States, 8 Cir., 1965, 340 F.2d 513, 519, certiorari denied, 1965, 85 S.Ct. 1805; Slocum v. United States, 8 Cir., 1963, 325 F.2d 465; Koop v. United States, 8 Cir., 1961, 296 F.2d 53.

Appellant was the president of Employees Consumer Organization (herein referred to as ECO). ECO was engaged in sales of merchandise through various leased departments. ECO operated in a seven-story building located in downtown Kansas City, Missouri. The accounting and bookkeeping records of ECO were kept in appellant's office on the seventh floor, on which floor was located the bookkeeper's office and a large fireproof safe. Included among the corporation's records was the basic accounting book of ECO, its general ledger. The general ledger was kept in the appellant's office when it was not in use by the corporation's bookkeeper, Gilbert Benson. This book contained a summary of all of the other

books of the corporation. It was current up to the end of May 1960. Books and documents of original entry were apparently destroyed in the fire.

On July 4, 1960, a major portion of the ECO premises was destroyed by fire. Contents of the fireproof safe in the corporate offices on the seventh floor escaped fire destruction. The appellant, two attorneys, Risjord and Sanders, representing insurers of the premises, and Benson, ECO bookkeeper, were present when the safe was opened after the fire. Judge Oliver found on substantial testimony that Jaben himself removed from the same and identified the general ledger to Sanders and Risjord.

In his Memorandum Opinion, Judge Oliver stated:

> "The ultimate determination of this case turns on the question of fact of whether or not the general ledger was or was not destroyed in the fire. If the Government established by clear, convincing and direct evidence to a moral certainty and beyond a reasonable doubt that the general ledger was in fact the first article taken from the safe, it is obvious that it had not been destroyed by the fire. Such proof would exclude every other hypothesis than that of defendant's guilt."

We think the foregoing statement correctly sets forth the law and pinpoints the disputed fact question. A reading of the transcript very clearly supports the trial judge's finding that the first item removed from the safe was identified as the general ledger by the appellant. Risjord, at the request of his partner, Sanders, made an inventory of the items taken from the safe by the appellant. The first item on the first page of the inventory was "general ledger". The appellant had personally opened the safe and he was the one who handed out and identified the items contained therein in accordance with the inventory made by Risjord. The testimony of both Risjord and Sanders substantially supports the trial court's finding with reference to the general ledger. The testimony of Gilbert A. Benson, the ECO bookkeeper, is not inconsistent with the trial court's conclusion. At one time Benson stated:

> "I would say this looks like a complete inventory."

At another time he stated:

> "* * * whatever the insurance man has on his list is right."

At another time he stated, in an affidavit, Exhibit 17, dated June 12, 1963:

> "* * * The last day I worked I recall putting most of the records mentioned above in the safe, however, the General Ledger was not one of these. The last time I saw the General Ledger, Ed Jaben had it in his office."

He concluded his affidavit with the statement:

> "Either Ed Jaben told me or I assumed the General Ledger had been destroyed in the fire, because it was necessary for me to reconstruct the General Ledger as best I could from the records that had not been damaged by the fire."

The appellant testified that the general ledger was not one of the items taken from the safe. The trial court chose to believe the testimony of the government's witnesses with reference to the existence of a general ledger and that it was the first item taken from the safe and was identified at that time by the appellant himself. Appellant presents nothing more than a question of disputed fact, mainly whether or not the general ledger was destroyed in the fire or was actually taken from the fireproof safe, as testified to by the government's witnesses. The findings of the trial court, being amply supported in the testimony, could not be set aside by this, an appellate court, even if this court were so inclined—and pointedly we state that we are not.

After having considered each and every contention of error put forth in behalf of the appellant and finding that none is meritorious, this case is affirmed.