WILLIAMS, Senior Circuit Judge,
concurring.
I concur and write separately only to express my doubt that Cephus v. United States, 324 F.2d 893 (D.C.Cir.1963), even as confined by our later en banc, United States v. Foster, 783 F.2d 1082 (D.C.Cir.1986), would not require the result we reach today.
Cephus appears to express unequivocally a premise that the government should not be able to benefit from the co-defendant’s testimony in any way, whether indirectly by invocation of defendant’s own rebuttal to that testimony, or directly by invocation of that testimony itself (regardless of “waiver”). Consider, for example, the Cephus court’s remark that “It is also clear that the defendant’s own evidence, introduced in response to the co-defendant’s testimony, does not waive the motion [for judgment of acquittal on the basis of the government’s case-in-chief] if it adds nothing to the Government’s case.” 324 F.2d at 897. In other words, in that scenario, Cephus allows the defendant the benefit of appellate review of the motion for judgment of acquittal without regard to any blame-casting by the co-defendant.
Foster, of course, described Cephus as issuing a dictum, namely, that “objection to denial of a motion for judgment of acquittal made at the close of the government’s case-in-chief is not waived by the defendant’s proceeding with the presentation of his evidence, so that the validity of an ensuing conviction must be judged on the basis of the government’s initial evidence alone.” 783 F.2d at 1083. The en banc court rejected that proposition, id. at 1085, but declined to overrule “the precise holding of the Cephus opinion itself-which after delivering its influential dictum criticizing the waiver rule in the present context, simply refused to extend the [waiver] rule to the situation where, after the de *144 fendant moving for acquittal declined to proceed with his own case, inculpatory evidence was introduced by one of his co-defendants,” id. at 1086. As Foster didn’t involve co-defendant testimony at all, the court had no occasion to address the consideration of a codefendant’s testimony, whether accompanied by evidence from the defendant or not.
Discussion of whether our result here is driven only by United States v. Don Johnson, 952 F.2d 1407 (D.C.Cir.1992), compare Maj. Op. at 140, or also by Cephas, may seem a pointless quibble. In the event, however, that the court should decide to modify its position by an en banc, it may prove important to address the exact scope of our existing precedents.