Samuel G. JONES, Sr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7926.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 26, 1960.

Decided Oct. 10, 1960.

746

Ellsworth T. Simpson, Washington, D. C., for appellant.

Plato Cacheris, Asst. U. S. Atty., Washington, D. C. (Joseph S. Bambacus, U. S. Atty., Richmond, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

The defendant was convicted on each of six counts in an indictment charging the evasion of income taxes due by the defendant, and by a corporation owned and controlled by him, through the filing of false and fraudulent returns.

The Government's case was founded principally upon the fact that corporate funds had been used to construct and maintain two residences and in connection with the operation of a farm when such expenditures in fact served the defendant's individual purposes and inured to his benefit, but served no corporate purpose. The corporation did not own either of the residences or the farm. There were other miscellaneous corporate disbursements, said to have been only for the personal benefit of the defendant. All of these corporate expenditures were expensed on the corporation's books and deducted in computing its income tax obligations for the years 1952, 1953 and 1954. The defendant did not include these disbursements as income to him in his individual returns for those years.

The defendant urged, principally, on this appeal that he was denied a fair trial because a computation of corporate income tax deficiencies for the years in question included certain adjustments which the Government conceded were not fraudulent. The construction and operation of a third residence, which the Government conceded on the trial was used for corporate purposes, and the purchase of certain machinery and capital assets for the corporation had been expensed on the corporate books and deducted in computing corporate income tax liabilities. The deduction of such capital items the Government conceded was not fraudulent, but their capitalization resulted in adjustments which made a substantial contribution to the overall deficiencies shown in computations which were offered in evidence by the prosecution and received without objection.

The defendant complains that the effect of these computations was to suggest to the jury that all of the deficiencies of corporate income tax were attributable to corporate payment of the defendant's personal expenses and to in-

flate the apparent effect of the alleged fraudulent transactions.

■■ The prosecution was required to offer computations along the line that it did offer in order to show that full and proper returns would have resulted in larger tax obligations than those shown in the returns actually filed. If that fact were not shown, the return, however fraudulent, would not have resulted in the evasion of any income tax liability. The jury was clearly and repeatedly told that there was no claim of fraud or of wrongdoing in connection with the corporation's expensing disbursements for capital assets, nor was fraud inferable from income tax adjustments resulting from their subsequent capitalization. If the defendant had wished at the time of the trial, he could have introduced a computation which would have shown exactly what contribution to the overall deficiencies had been made by the transactions which the prosecution claimed to have been fraudulent and by those transactions as to which the prosecution made no such claim. When the defendant at the trial undertook to offer no such computation, and failed to request one of the prosecution, he is hardly in a position now, on appeal, to complain that the prosecution did not show with mathematical precision the tax consequence of what was generally and clearly explained to the jury. The corporate deduction of disbursements in payment of the defendant's personal expenses clearly did contribute to the corporate deficiencies. The Government's proof showed that these disbursements exceeded $10,000 in each of the years 1952 and 1953, and exceeded $108,000 in 1954. When the proof showed that the corporate deficiencies resulted from a combination of the disallowance of personal expense items and the capitalization of certain corporate expenditures for corporate capital assets, the fairness of the trial was not impaired by the absence of a mathematical computation showing the rela-

tive contribution of each type of adjustment, a computation which the defendant during the trial neither offered nor requested.

■ The defendant complains of admission in evidence of a "Bride's Book" to show the receipt of a wedding present, this being one of the small items of personal expense charged to have been made by the corporation for the benefit of the defendant. The record was received in evidence under the "Shop Book Rule." [1] Whether the "Bride's Book" qualified for admission in evidence under the rule, we need not consider, however, for the defendant admitted that he sent the present to the bride and paid for it with corporate funds. The receipt of this evidence as to this very small item in no way prejudiced the defendant or his defense.

■ Next the defendant complains that the prosecution used notes made after an interview with a witness to refresh the witness's recollection. The notes were not offered in evidence and their use only for the purpose of refreshing the witness's recollection was unobjectionable. [2]

■ Next the defendant complains of the receipt of evidence that the defendant said in 1957 of one of the personal residences that he intended to use it as his own. His position is that his intention in 1957 had nothing to do with what his intention was when it was constructed with corporate funds in 1954. When the proof showed the residence never had been used for any corporate purpose, however, evidence of the defendant's declaration in 1957 that he intended it for personal use could be considered by the jury in determining what the intention was at the time the residence was constructed. It was clearly explained to the jury that the defendant's guilt or innocence depended upon what he had in contemplation when he acted in 1954.

1. 28 U.S.C.A. § 1732.

2. United States v. Rappy, 2 Cir., 157 F. 2d 964.

The defendant also complains of two isolated comments by the trial judge made in this very lengthy trial, comments to which no objection was made at the time and which we, upon examination, find unobjectionable and unprejudicial.

Finally, complaint is made of supposed deficiencies in the charge. Though no objection was made to the charge at the time as required by Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., we have examined the entire charge and find that it fully and fairly submitted the case to the jury.

The defendant's counsel has searched the record painstakingly for a basis for a new trial. We have considered all of his contentions, but find no error affecting substantial rights of the defendant.

Affirmed.