Willie West HEIDELBERG and Katie M.
Heidelberg, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 19760.

United States Court of Appeals
Fifth Circuit.

Nov. 26, 1963.

De Quincy V. Sutton, Meridian, Miss., for appellants.

Jack McDill, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and HOOPER, District Judge.

HUTCHESON, Circuit Judge.

This is an appeal from a conviction and sentence in an income tax evasion case, upon an indictment in two counts, charging that, in violation of Sec. 7201 I.R.C. 1954, 26 U.S.C. § 7201, the defendants-appellants, husband and wife, did willfully, knowingly, and unlawfully attempt to evade and defeat a large part of the income tax due and owing by them for the years 1955–1956, by filing false and fraudulent income tax returns for those years.

Asserting errors, with respect to the allowance of evidence and admission of testimony and on the charge of the court in submitting the case to the jury, appellants insist: that, this being a tax evasion case, it was essential to a fair trial that the court submit the issue to the jury in the form approved in the decisions; that a conviction cannot stand in the absence of a proof of deficiency; that a defendant cannot be convicted of income tax evasion unless it is shown that addi-

tional tax is actually due; that the government must prove a larger tax actually due than the amount reported, otherwise there could be no evasion; that it must show that there was an understatement of the taxes actually due and that at least in part this understatement was fraudulent, citing Jones v. United States, 4 Cir., 282 F.2d 745;[1] that, in short, it is necessary for a conviction in a case of this kind that the proof must show that the defendants owed more than they reported; that such failure was knowing and willful; and that *the jury must have been instructed that there must be acquittal unless there was a finding that there was a deficiency in the tax and that this deficiency was knowing and willful.*

Instead of so submitting this issue to the jury, the court thus submitted the case:

"The indictment of the grand jury in this case is a mere accusation of Willie W. Heidelberg and his wife, Katie Mae Heidelberg, for unlawfully attempting to evade payment of their 1955 and 1956 income taxes by filing a false and fraudulent return wherein they obtained a credit for Willie W. Heidelberg for the calendar year 1955 and wherein they claimed a credit for Willie Heidelberg, Jr. and Russell Heidelberg as dependent children in 1956.

"The court tells you as a matter of undisputed fact and law that Willie W. Heidelberg, Willie Heidelberg, Jr. and Russell Heidelberg were not children of the defendants, that they had no legal duty or responsibility for their welfare and livelihood; and if the United States has proved beyond a reasonable doubt that the defendants willfully, knowingly and falsely and unlawfully represented that they provided or furnished more than one-half of the subsistence and support of Willie W. Heidelberg for the year 1955, for Willie Heidelberg, Jr. and Russell Heidelberg for the year 1956 for the purpose of evading payment of proper income taxes due for said years, then it will be your sworn duty to return a verdict against the defendants of guilty as charged for such of said years as the evidence may show that they did not provide more than one-half of the support of said person as dependents."

In so instructing the jury, the district judge failed to present to the jury for its determination whether the offense charged in the indictment, that there was a deficiency in the income tax reported, was proven and whether such deficiency, if any, was the result of a willful attempt to evade and of willfully and knowingly attempting to defeat a large part of the tax due and owing by them.

At the arraignment of the defendants, the district attorney stated: "The defendants in this case are charged in two counts with evasion of income taxes."; whereupon the defendants were arraigned and pleaded not guilty of this offense.

The appellants, bearing down on the failure of the charge to correctly submit the issue to the jury, here argue:

"The prosecution demanded conviction for 1955 as to tax on the Willie exemption and for 1956 as to the tax on Willie and Russell exemptions. Defendants are entitled to a refund if they are entitled either to exemption for Willie in both years, Willie and Russell in one year, or either Willie or Russell for one year.

"The investigations were concerned with conviction, and conviction on a built-in set of facts, so that nothing else would do. They ignored pointedly, for example, the fact of Willie Heidelberg being the younger brother of Russell, although they interviewed Russell and his mother in the same household and brought

1. See also United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418; Hargrove v. United States, 5 Cir., 67 F.2d 820, 90 A.L.R. 1276; Wardlaw v. United States, 5 Cir., 203 F.2d 884; McClanahan v. United States, 5 Cir., 272 F.2d 663.

680

Russell in as a prosecution witness. They ignored Ruthella Stockstill (grandmother of Willie and Russell) although they interviewed the mother of Russell in the presence of Ruthella. They say they would have investigated these facts if brought to their attention.

"The instructions were so worded that the jury could hardly have avoided conviction when they considered the instructions with the objectionable evidence, such as hearsay. Given exclusion of the hearsay evidence, and proper instructions, it is unlikely that a jury could have found basis for conviction.

"The rulings during trial ran directly counter to settled rules of decision, established long ago and updated with advent of the new revenue laws in 1954. Those rules are adhered to by review courts generally, when criminal trials for tax evasion are under consideration. The conviction was against the settled law applicable to admissible facts. With deference, it ought to be reversed with instructions."

The United States has not favored the court with any reply to appellants' brief or the contentions made by them, but has submitted the case on the record as without error. We have carefully examined the record in the light of the appellants' contentions that the trial of the case was attended by reversible error both in the admission of evidence, particularly the admission of hearsay statements by the government investigator Montgomery and of the oral admissions of the two defendants made out of the presence of each other, and in the submission of the case to the jury, and taking into consideration the small amount of tax deficiencies claimed and the inordinately severe sentences imposed,[2] we have reached the conclusion that the judgment should be reversed and the cause remanded for further and not inconsistent proceedings.

---

2. Spivey v. United States, 5 Cir., 109 F.2d 181; Guardalibini v. United States, 5 Cir., 128 F.2d 984.