**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Burton MOODY, etc., Defendant-Appellant.**

**No. 15713.**

United States Court of Appeals Sixth Circuit.

Nov. 27, 1964.

Fred Elledge, Jr., Nashville, Tenn., for appellant, William K. Moody, Memphis, Tenn., on the brief.

Odell Horton, Jr., Asst. U. S. Atty., Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Louis F. Oberdorfer, Asst. Atty. Gen.,

Dept. of Justice, Washington, D. C., on the brief.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and PRETTYMAN, Senior Circuit Judge.*

PRETTYMAN, Senior Circuit Judge.

Appellant was convicted on four counts of an indictment charging him with willful evasion of income taxes. The sentence was imprisonment for a term of five years on each count, to run concurrently, and a fine of $10,000.

The Government claimed that the books upon which the returns were based did not include many items of cash receipts of income. Therefore the Government presented its evidence by a bank deposits computation. The Government claimed that in the four years 1956, 1957, 1958 and 1959 the defendant had willfully understated his income by a total of $23,-429.73 and that he evaded taxes in a total amount of $6,547.45. The taxpayer-defendant countered with a claim that a correct computation of his income, including permissible deductions and excluding all nonincome receipts, would show that he owed no tax in addition to what he had paid on his returns. The trial court ruled that such evidence could not be received except to negate willfulness; that the court was not concerned with the taxes which might be due on a re-audit of the returns. The court refused to instruct the jury, as requested by the defendant, to the effect that, if they (the jurors) entertained a reasonable doubt as to whether the defendant owed an additional amount of tax, they must acquit.

■■ These rulings of the trial court were erroneous. It is necessary for the Government to prove in a case such as this that a tax is due, i. e., that there was an attempt to evade a tax.[1] Correlatively, a taxpayer-defendant has a right to establish as a defense that he owed no tax in addition to what he had paid on his returns, and so was not attempting to evade a tax. The judgment of conviction must therefore be reversed.

■ Taxpayer-defendant's proffered proof consisted in part of a purported net worth study covering the four years involved. The trial court took the view that this case was a bank deposits case and that a net worth computation was irrelevant and therefore inadmissible, except for the purpose of showing lack of willfulness. But the terms "bank deposits case" and "net worth case" are not descriptive of the case itself. The case itself is a willful tax evasion case. The two quoted terms are descriptive of methods of computation. Either can be used by either the Government or the taxpayer as a means of computing income. The use of one method of computation by one party does not foreclose the use of another method by the other party. The trial judge was in error in his view in this respect.

■ The trial court correctly held that the facts reflected in charts presented by an expert witness must appear in, and be established as facts by, evidence in the record. If a chart, or other study, by an expert is not based upon facts appearing as such in the record, it is not admissible. The charts here in question were admitted for the purpose of showing lack of willfulness. The question whether they were adequately supported is not before us. We hold merely that the limitation upon the use to which they might be put by the jury was error.

Reversed and remanded for a new trial.

---

* Sitting by designation from the District of Columbia Circuit.

1. United States v. Schenck, 126 F.2d 702 (2d Cir. 1942), cert. denied, Moskowitz v. United States, 316 U.S. 705, 62 S.Ct. 1309, 86 L.Ed. 1773 (1942); Elwert v. United States, 231 F.2d 928 (9th Cir. 1956); Holt v. United States, 272 F.2d 272 (9th Cir. 1959); United States v. Augustine, 189 F.2d 587 (3d Cir. 1951); Jones v. United States, 282 F.2d 745 (4th Cir. 1960), cert. denied, 365 U.S. 842, 81 S.Ct. 799, 5 L.Ed.2d 808 (1961).