**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Burton MOODY, M.D., Defendant-
Appellant.**

**No. 17996.**

United States Court of Appeals
Sixth Circuit.

March 7, 1968.

Certiorari Denied May 20,, 1968.
See 391 U.S. 916, 88 S.Ct. 1809,
20 L.Ed. 656.

———

Lucius E. Burch, Memphis, Tenn. (Lucius E. Burch, Jr., Charles O. McPherson, Memphis, Tenn., on the brief), for defendant-appellant. Burch, Porter & Johnson, Memphis, Tenn., of counsel.

William A. McTighe, Memphis, Tenn. (Thomas L. Robinson, U. S. Atty., Odell Horton, Jr., Asst. U. S. Atty., Memphis, Tenn., on the brief), for defendant-appellee.

Before EDWARDS, CELEBREZZE and COMBS, Circuit Judges.

## ORDER

PER CURIAM.

Appellant appeals from denial by the United States District Court for the Western District of Tennessee of a motion for reduction of sentence under Rule 35, Federal Rules of Criminal Procedure. In United States v. Moody, 339 F.2d 161 (6th Cir. 1965), this Court reversed the Appellant's first conviction of tax fraud because of errors in the admission of evidence and in the instructions to the jury. Upon his second trial Appellant was again convicted and was sentenced to the maximum imprisonment of five years on each of four counts, the sentences to run concurrently. That conviction was affirmed by this Court, but the case was remanded to the District Court " * * * for its reconsideration of the prison sentences * * *." United States v. Moody, 371 F.2d 688 (6th Cir. 1967).

 Following the remand, the Appellant filed the instant motion under Rule 35. A hearing was held on the motion; and after reconsidering the sentences in the light of the presentence report and the previous opinion of this Court, the District Court denied the motion. Appellant contends that in so doing the District Court abused its discretion; but on the facts in this record we do not find such abuse. Appellant further contends that his constitutional rights were violated because the Court had before it and did take into consideration statements contained in a presentence report, in conformity with Rule 32 (c), Federal Rules of Criminal Procedure. Also, Appellant contends that the District Court's reliance upon the fact that sentencing was made under the provisions of 18 U.S.C. § 4208(a) (2) and, therefore, the Parole Board could parole the Appellant at any time after imprisonment was an unconstitutional delegation of judicial authority. We find no merit to these contentions.

It is therefore ordered that the judgment of the District Court be, and it is, hereby affirmed.