**UNITED STATES of America,
Plaintiff,**

v.

**Cleona HOOPER and Clayton Williamson, Defendants.**

**Crim. No. 7072.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 20, 1970.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Dale Quillen, Nashville, Tenn., for defendants.

MEMORANDUM OPINION
AND ORDER

NEESE, District Judge.

It being conceded by counsel for all the parties that the possession of taxunpaid

whiskey in violation of 26 U.S.C. § 5686 (a) is a misdemeanor, the final word on page eight of the Court's memorandum opinion and order of November 20, 1969, 306 F.Supp. 715 hereby is amended so as to change the word, felony, to the word, misdemeanor. However, under the circumstances presented by the evidence under discussion at that point in that memorandum, the officer would have been justified in believing that a misdemeanor was being committed in his presence; and, accordingly, the purport of the discussion is not altered by the amendment.

The defendant Mr. Williamson has now moved the Court for a new trial. The grounds urged in support thereof are that the Court erred in two particulars in failing to instruct the jury.

Mr. Williamson contends that the Court erred in declining to charge the defendant's request for instruction no. 2, setting forth this defendant's defense. Although Smith v. United States (1964), 118 U.S.App.D.C. 38, 331 F.2d 784, 789–790 [6], where the Court refused to charge the law of entrapment, Strauss v. United States, C.A. 5th (1967), 376 F.2d 416, 419 [6], where there was no evidence to support the requested charge, and Adjmi v. United States, C.A. 5th (1965), 346 F.2d 654, 658 [5], where the trial judge refused a cautionary instruction, appear to be inapposite to the issue at bar, the Court concedes that undoubtedly a defendant is entitled to have his defense delineated to the jury. Mr. Williamson did this himself, in his testimony. He denied emphatically that he ever came into possession of the taxunpaid whiskey in question or aided and abetted his codefendant in such possession.

The only count of the indictment under which the defendants were tried was the first. Thereunder, Mr. Williamson was charged with having aided and abetted his codefendant Mr. Hooper in the unlawful possession of 90 gallons of taxunpaid distilled spirits, intended for use in violating the provisions of the internal revenue laws of the United States. The instruction requested by Mr. Williamson was:

It is the contention of the defendant, Clayton Williamson, that he went to the residence of the defendant, Cleona Hooper, for the purpose of purchasing non tax paid whiskey for the federal undercover agent, Reece. That the purchase was never consummated. He further contends that he had no interest in the whiskey and did not possess it.

If you find from the proof that the defendant, Clayton Williamson, did not own the whiskey or have an interest in it; that the whiskey belonged to someone else and he did not have the right to exercise dominion and control over the whiskey but that he went there for the purpose of purchasing the whiskey and the purchase was not consummated, then you will find the defendant, Clayton Williamson, not guilty of possession of said whiskey.

The Court modified this request, so as to read:

If you find from the proof that the defendant Mr. Williamson did not aid and abet his codefendant Mr. Hooper when Mr. Hooper had the power and intention to exercise dominion and control over the whiskey at the time immediately before his arrest, then you will find he is not guilty of possessing said whiskey.

and, as thus modified, gave the instruction to the jury.

The Court instructed the jury also that Mr. Williamson was charged in the indictment with having aided and abetted Mr. Hooper's unlawful possession of the aforementioned whiskey. Whether Mr. Williamson owned the whiskey or " * * * had any interest in it * * *", or whether the whiskey " * * * belonged * * *" to someone other than Mr. Williamson was not an issue submitted to the jury. The de-

fense of Mr. Williamson had very recently before the charge been made to the jury by this defendant, and the defense was substantially covered in the Court's general instructions. The Court would not have been justified in following the principal instructions with the submission of issues which were not supported by the evidence under the charge for which Mr. Williamson was being tried. United States v. Carabbia, C.A. 6th (1967), 381 F.2d 133, 138 [9], certiorari denied (1967), 389 U.S. 1007, 88 S.Ct. 564, 19 L.Ed.2d 602; United States v. Moody, C.A. 6th (1967), 371 F.2d 688, 691 [2], certiorari denied (1967), 386 U.S. 1003, 87 S.Ct. 1347, 18 L.Ed.2d 432, appeal after remand, 395 F.2d 670, certiorari denied (1968), 391 U.S. 916, 88 S.Ct. 1809, 20 L.Ed.2d 656; United States v. Trenton Potteries Co. (1927), 273 U.S. 392, 396, 47 S.Ct. 377, 71 L.Ed. 700, 705 (headnote 1); Bridger v. Union Railway Company, C.A. 6th (1966), 355 F.2d 382, 393 [24].

■ Mr. Williamson also complains that the Court erred in failing to charge the jury that if this defendant went to Cleona Hooper's residence for the sole purpose of purchasing whiskey and the purchase was not consummated, "* * * he would not be guilty of possession of the whiskey located on Cleona Hooper's premises. * * *" This was implicit throughout the Court's instructions to the jury, to the effect that Mr. Williamson was charged with having aided and abetted his codefendant Mr. Hooper's unlawful possession of the distilled spirits in question. It is inconceivable that, under all the instructions the Court gave the jury, they could have understood that, if Mr. Williamson did not aid and abet Mr. Hooper's constructive possession of the contraband, they could find him guilty.

There is no merit to either ground of Mr. Williamson's motion of December 29, 1969, and accordingly, it hereby is

Overruled.