**UNITED STATES of America**

v.

**Louis PETTI, Appellant.**

**No. 71–1123.**

United States Court of Appeals,
Third Circuit.

Argued May 18, 1971.

Decided Sept. 27, 1971.

John Patrick Walsh, Walsh & Savitt, Philadelphia, Pa. (David N. Savitt, Philadelphia, Pa., on the brief), for appellant.

Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Defendant is known as a "ten-percenter," that is, a person who cashes racetrack tickets for the true winner in exchange for 10% commission. In order to cash a Big Exacta ticket worth $600 or more the ten-percenter must provide some identification and sign Form 1099. This form is required by the Internal Revenue Service in order to see whether such winnings are reported for tax pur-

poses. Since the ten-percenter rather than the true winner signs, the Service has no record of the true winner who, of course, does not report his winnings for tax purposes. The ten-percenter reports his winnings but is able to offset his "losses" against his "winnings." Thus, in the normal course of events, the ten-percenter practice deprives the government of income tax.

Defendant, Petti, appeals his conviction by the district court of willfully attempting to evade or defeat the payment of income tax by one Allen J. McIntyre, in violation of 26 U.S.C. § 7201. That section provides that:

> "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof * * * shall be guilty of a felony."

Based on the competent trial evidence the facts, stated most favorably to the Government, are as follows: Defendant was observed by Special Agents of the Treasury Department approaching and speaking to various persons in the cashier's line for "Big Exacta" pay offs. Defendant presented a winning ticket and signed the Internal Revenue Form indicating that he had won $1,218.20 on the date of the events described. Later, in a men's room at the track, an agent observed defendant passing a large sum of money to a person later identified as McIntyre who then handed defendant a smaller amount of money. The agents immediately took McIntyre aside for questioning.

▇▇ Defendant contends that one of the prerequisites to a conviction under 26 U.S.C. § 7201 is proof of the existence of a tax deficiency, citing Sansone v. United States, 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). The Government admittedly did not prove a tax deficiency for McIntyre for the year involved. Indeed, the Government concedes that there are numerous cases holding that proof of a tax deficiency is a prerequisite to conviction under the statute here involved. It points out, however, that the statute does not explicitly contain such a requirement. From this statement we infer that the Government disagrees with the holding of the cited cases. But we are not legally free to disagree with such controlling Supreme Court precedents as Sansone v. United States, supra, and a similar decision of our own court. United States v. Augustine, 189 F.2d 587, 589 (3rd Cir. 1951); see also Holt v. United States, 272 F.2d 272 (9th Cir. 1959).

The Government's position is that defendant willfully attempted to evade and defeat the tax of McIntyre at the time he cashed the ticket in question and that the subsequent reporting of the proceeds for tax purposes by McIntyre is irrelevant. The Government relies on certain language of the Supreme Court in Spies v. United States (1943), 317 U.S. 492, at pp. 498–499, 63 S.Ct. 364, 87 L.Ed. 418, which notes that a prosecution under the statute can only be for the attempt and that the crime is complete "when the attempt is complete." The Government says the attempt was complete when the defendant cashed the ticket for McIntyre and completed the 1099 Form and met with McIntyre to pass the money. The short answer is that in Sansone v. United States, supra, 380 U.S. at 351, 85 S.Ct. 1004, 13 L.Ed.2d 882, the court cited *Spies* for the proposition that the existence of a tax deficiency is required for conviction under § 7201. The Government does not suggest that one in the position of this defendant can be convicted under this statute on proof of fewer elements than would be required to convict a taxpayer.

▇▇ We feel compelled to note one additional factor in this case. McIntyre was called as a government witness. Before the completion of his direct examination, the district court improperly refused to continue to hear his testimony because of the judge's feeling that he should have been prosecuted. Consequently none of McIntyre's testimony is competent. Thus, there is a serious question whether the Government proved that McIntyre won the Big Exacta on

the night in question. This apparently material deficiency in the proof, albeit the fault of the district court, is necessarily visited on the prosecution.

In view of our conclusions we need not consider other contentions of the defendant.

The judgment of the district court will be reversed.